# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of July, two thousand twenty-six.

PRESENT:
> **DENNY CHIN,**
> **STEVEN J. MENASHI,**
> **MARIA ARAÚJO KAHN,**
> *Circuit Judges.*

_____

In re: Loyce Tamisi,

> *Plaintiff-Appellee.*

*******************************************

Wilmington Savings Fund Society, FSB d/b/a Christina Trust, Not Individually But as Trustee for Pretium Mortgage Acquisition Trust,

> *Defendant-Appellant,*

> v.                                                           25-1502

Loyce Tamisi,

> *Plaintiff-Appellee.*[*]

_____

[*] The Clerk of Court is directed to amend the caption as set forth above.

| | |
|---|---|
| **FOR DEFENDANT-APPELLANT:** | Margaret J. Cascino, Melissa Licker, Hinshaw & Culbertson LLP, New York, NY. |
| **FOR PLAINTIFF-APPELLEE:** | Loyce Tamisi, pro se, Far Rockaway, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Cogan, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Wilmington Savings Fund Society, FSB ("Wilmington") appeals from a judgment of the district court affirming orders of the bankruptcy court that granted Loyce Tamisi's motion for summary judgment, denied Wilmington's cross-motion for summary judgment, voided Wilmington's interest in a lien, and denied Wilmington's motion for reconsideration.

Tamisi filed a Chapter 13 petition. The bankruptcy court disallowed Wilmington's proof of claim for a residential mortgage lien for lack of standing under New York law because it could not adequately document its entitlement to enforce the mortgage and the district court affirmed the disallowance. *See Wilmington Sav. Fund Soc'y, FSB v. Tamisi*, No. 22-CV-1982, 2023 WL 2561787, at *5-6 (E.D.N.Y. Mar. 17, 2023). Wilmington did not appeal that decision. Tamisi then initiated an adversary proceeding seeking to void the lien pursuant to 11 U.S.C. § 506(d) and the parties filed cross-motions for summary judgment. The bankruptcy court voided the lien as to Wilmington and denied reconsideration of that decision. The district court affirmed. *See In re Tamisi*, No. 24-CV-7944, 2025 WL 1400180, at *1 (E.D.N.Y. May 14, 2025). Wilmington appealed. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

2

# I

"On appeal from a district court's decision on matters arising from bankruptcy court proceedings, 'we independently review the bankruptcy court's decision, accepting the bankruptcy court's factual findings unless they are clearly erroneous and reviewing its conclusions of law *de novo.*'" *In re Fogarty*, 39 F.4th 62, 70 (2d Cir. 2022) (quoting *In re DiBattista*, 33 F.4th 698, 702 (2d Cir. 2022)). The interpretation of the Bankruptcy Code's avoidance of liens provision "presents an issue of law as to which the bankruptcy court's decision is subject to *de novo* review." *Id.* That provision provides as follows:

> To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless—(1) such claim was disallowed only under section 502(b)(5) or 502(e) of this title; or (2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title.

11 U.S.C. § 506(d). In this case, Wilmington's claim was "not an allowed secured claim" because it was disallowed by the bankruptcy court. *See Wilmington*, 2023 WL 2561787, at *2, *6. Nor was it disallowed "only under section 502(b)(5) or 502(e)" of the Bankruptcy Code, which relate to certain unmatured and reimbursement claims, or "due only to the failure of any entity to file a proof of such claim." Instead, Wilmington's claim was disallowed because Wilmington failed to document its possession of the mortgage note, which is required for standing to bring a foreclosure claim under New York law. *Id.* at *5; *see Wilmington Sav. Fund Soc'y, FSB v. Matamoro*, 200 A.D.3d 79, 91-92 (2d Dep't 2021). According to § 506(d), therefore, the lien "is void" to "the extent that [the] lien secures a claim against the debtor." *Cf. In re Blendheim*, 803 F.3d 477, 491 (9th Cir. 2015) (voiding a lien when the creditor "refused to defend its claim" after "it was challenged … for failure of proof").

On appeal, Wilmington resists the language of § 506(d), arguing that the bankruptcy court erred in concluding that the disallowance of its claim authorized voiding its lien because the claim was disallowed only on "procedural" grounds. Appellant's Br. 10. In support of that argument, Wilmington cites opinions of other circuits holding that § 506(d) does not extend to claims that were denied for the failure to

3

timely file a proof of claim. *See In re Shelton*, 735 F.3d 747, 749-50 (8th Cir. 2013); *In re Hamlett*, 322 F.3d 342, 347-50 (4th Cir. 2003); *In re Tarnow*, 749 F.2d 464, 465-67 (7th Cir. 1984). Wilmington contends that § 506(d) authorizes a bankruptcy court to void a lien supporting a disallowed claim only if it determines that the lien is "invalid in substance." *In re Hamlett*, 322 F.3d at 348.

Even if we were to accept that principle, it would not help Wilmington in this case because the bankruptcy court voided the lien only to the extent that it was disallowed on substantive grounds. Following Tamisi's objection, the bankruptcy court disallowed Wilmington's claim for lack of standing because Wilmington could not provide the original note or sufficient alternative evidence that the note had been assigned to it by a party that possessed the original note. Having disallowed Wilmington's claim because it could not demonstrate that it had a valid lien on the property, the bankruptcy court properly voided the lien "[t]o the extent that" it secured that disallowed claim. 11 U.S.C. § 506(d); *see In re Pinnock*, 594 B.R. 609, 618 (Bankr. S.D.N.Y. 2018) (voiding a lien under § 506(d) as to a creditor and its successors and assigns when "there appears to be a valid lien on the [p]roperty, just not one enforceable by [the creditor]"), *aff'd*, 833 F. App'x 498 (2d Cir. 2020). As both the bankruptcy court and the district court emphasized, the bankruptcy court did not void the lien in its entirety but only as to Wilmington and its successors and assigns. The bankruptcy court could not void the lien beyond Wilmington's interest in it because "[t]o the extent that a lien secures" another party's "claim against the debtor," that party's claim would fall under the exception for failure to file a timely proof of claim. 11 U.S.C. § 506(d).

In arguing that the lien should not have been voided to any extent, Wilmington relies heavily on *In re Santoli*, 631 B.R. 827 (Bankr. S.D.N.Y. 2021), in which the bankruptcy court determined that it could not void a lien supporting a proof of claim that was disallowed based on the failure to present sufficient documentation in compliance with Bankruptcy Rule 3001(c). *See id.* at 831. But as the district court reviewing *Santoli* observed, that disallowance did not "involve[] actual, substantive litigation and consideration by the court of the creditor's standing, instruments, and legal arguments regarding possession of the relevant note." *In re Santoli*, No. 21-CV-8545, 2022 WL

4

5435164, at *3 (S.D.N.Y. Oct. 7, 2022). Here, by contrast, the parties litigated the issue of standing, and the disallowance was based on the substantive ground that Wilmington did not show that it had an enforceable claim.[1]

**II**

Tamisi requests that we grant her costs and attorney's fees. *See* Appellee's Br. 16–17. We decline to consider in the first instance the question of whether Tamisi was entitled to fees or costs for the proceedings before the bankruptcy court or the district court. "It is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." *Green v. Dep't of Educ. of City of N.Y.*, 16 F.4th 1070, 1078 (2d Cir. 2021) (quoting *In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 132 (2d Cir. 2008)); *see Bailey v. USF Holland, Inc.*, 526 F.3d 880, 888 (6th Cir. 2008) (applying this rule to requests for attorneys' fees raised for the first time on appeal); *Zimmerman v. City of Austin*, 881 F.3d 378, 395-96 (5th Cir. 2018) (same). Tamisi agrees that we "need not adjudicate fees in the first instance" but may "leav[e] any determination of entitlement, source, and amount to the Bankruptcy Court or appropriate post-judgment proceedings." Appellee's Br. 17.

With respect to her request for costs for the proceedings before this court, Tamisi has not submitted records of any costs or attorney's fees, so we decline to make an award without "an itemized and verified bill of those costs." Fed. R. App. P. 39(e)(3)(A).

---

[1] The Ninth Circuit in a related context has suggested that when a bankruptcy court disallows a claim for lack of standing because a *different* creditor may be entitled to enforce the claim, § 506(d) does not apply because "the proof-of-claim filer did not have a claim with an 'associated lien'" but "the lien was 'associated' with the claim belonging to the real party in interest, who … did not file a proof of claim." *In re Lane*, 959 F.3d 1226, 1233 (9th Cir. 2020). Under New York law, however, Wilmington may still have a claim that is associated with a lien even if it fails to document its entitlement to foreclose. That is because a failure to establish standing shows only that "it was not in possession of the original note … at the time it commenced the action." *HSBC Bank USA, N.A. v. Carchi*, 177 A.D.3d 710, 711 (2d Dep't 2019); *see also Nationstar Mortg., LLC v. Cogen*, 159 A.D.3d 428, 429 (1st Dep't 2018). The possibility that Wilmington could institute a later foreclosure action demonstrates that its claim is associated with the lien; that is the interest the bankruptcy court's order extinguished.

5

\* \* \*

We have considered Wilmington's remaining arguments, which we conclude are without merit. We affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court